UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 FEB -3  A 11: 49

Tyrone Lorenzo Robinson, #235104;　)
Tonya Ledell Robinson,　)　　Civil Action No. 2:05-3198-SB
　)
　　　　　　Plaintiffs,　)
　)　　**O R D E R**
　　　-vs-　)
　)
S.C. Department of Public Safety,　)
Highway Patrol; and　)
Public Safety Trooper First Class　)
Joseph Franklin Clipse,　)
　)
　　　　　　Defendants.　)
────────────────────────)



This matter is before the Court on the *pro se* Plaintiff's complaint alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. By local rule, this action was referred to United States Magistrate Judge Robert S. Carr for initial review.

The Plaintiff, Tyrone Robinson, filed the complaint on behalf of himself and his sister, Tonya Robinson,[1] seeking damages upon allegations of excessive force, assault with intent to kill, assault and battery with intent to kill, police brutality, and use of deadly force. The complaint states that the two were involved in an "accident in [a] black Ford Taurus which resulted on them sitting on the side of the road." It is further alleged that a highway patrol officer then approached the vehicle and fired several shots into the car. Tonya Robinson fled the vehicle and ran into the woods

---

[1] Tonya Ledell Robinson, the Plaintiff's sister, did not sign the complaint form, and is therefore not considered to be a Plaintiff in this action.

after the first shot was fired. Tyrone Robinson remained in the car and suffered a gunshot wound to the left hand.

The Plaintiff acknowledges in the complaint that the vehicle in which he and his sister were traveling was stolen, but insists that "possession of a stolen vehicle and misdemeanor traffic violations are not probable cause to fire an excessive amount of rounds into a car while it is not moving . . . ." Complaint at 4(a). The only named Defendant in the original complaint was the South Carolina Department of Public Safety and Highway Patrol.

On December 1, 2005, the Magistrate Judge issued a report analyzing the complaint and concluding that the Defendant is immune from a § 1983 action filed in federal court under both the Eleventh Amendment and the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-20(e) (1976). The Plaintiff, after being given notice of the obligation to object, filed objections to the report and recommendation. While nothing in the Plaintiff's objections directly addresses the immunity issue, a "Notice of Motion to Add a Party Pursuant to Rule 19(A)(SCRCP)" was filed with the Plaintiffs' Objections, seeking to add as a co-defendant "South Carolina Department of Public Safety Trooper First Class Joseph Franklin Clipse working in his capacity as a state trooper for the South Carolina Department of Public Safety and Highway Patrol."

The Plaintiff also attached to his objections several documents, including a transcript of Trooper Clipse's testimony during the Plaintiff's criminal trial, portions of the South Carolina Law Enforcement Division ("SLED") investigative file, medical records for the Plaintiff following the incident, and an article from a local newspaper



2

about the incident.

According to Trooper Clipse's testimony, he was patrolling in Beaufort County when a motorist informed him that another driver "ran her off the road." See Testimony of Trooper Clipse, attached to Plaintiff's Objections, at 54. Trooper Clipse located the vehicle in question and observed the vehicle driving erratically and forcing other cars off the road. Trooper Clipse then attempted to pursue the vehicle, which did not stop as demanded, despite blue lights and siren. After losing contact and then resuming the chase, Trooper Clipse followed the Plaintiff's vehicle until it collided with another vehicle.

Both vehicles involved in the collision were stopped, and Trooper Clipse got out of his car upon reaching the accident scene. As he approached the Plaintiff's car, the Plaintiff accelerated toward Trooper Clipse. Id. at 63. Trooper Clipse testified that, at this point, he felt his "life was in jeopardy" and proceeded to fire rounds into the windshield of the oncoming vehicle. Id. at 64. He then approached the Plaintiff's vehicle again and informed the Plaintiff that he was under arrest. Trooper Clipse observed the Plaintiff bleeding, and the Plaintiff told him that he'd been shot in the chest. Due to damage to the car resulting from the collision, however, the Plaintiff could not open the driver-side door to exit the vehicle.



As Trooper Clipse then radioed for help, the Plaintiff drove his car back onto the highway. Trooper Clipse got back into his car and again pursued the Plaintiff. The Plaintiff then lost control of his vehicle and it "went up into the shoulder of the road" where it stopped again. Id. at 67. At this point, Trooper Clipse was able to place the reluctant Plaintiff under arrest with the help of other officers arriving on the

scene.

The medical records attached to the Plaintiff's objections indicate that the Plaintiff was shot in the left hand. The Plaintiff also tested positive for the presence of alcohol in his system. See Medical Records from Beaufort Memorial Hospital, attached to Plaintiff's Objections, at 1. The SLED investigative file indicates that Tyrone Robinson was identified as "one of Beaufort County's most wanted suspects." SLED Report, attached to Plaintiff's Objections, at 4.[2]

Adding Trooper Clipse as a Defendant to this action does not resolve the issue of State immunity to federal suit. As indicated by the Plaintiff's Motion, Trooper Clipse was working in his capacity as an employee of the State of South Carolina at the time of the incident in question. Entire police forces and other agencies cannot be held liable for the behavior of one of their officers unless the implementation of an official policy or established custom inflicts constitutional injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Here, because there is no evidence that the State of South Carolina Department of Public Safety or the South Carolina Highway Patrol has an official policy or established custom authorizing excessive force, police brutality, etc., the organizational defendants cannot be held responsible for Trooper Clipse's actions.



While the South Carolina Department of Public Safety and Highway Patrol cannot be held liable under the theory of *respondeat superior*, Trooper Clipse may be subject to suit. The doctrine of qualified immunity shields law enforcement

---

[2]It must be emphasized that the factual evidence in this case was provided by the Plaintiff himself in his objections and the documents attached thereto.

4

officers performing discretionary duties from liability for "civil damages," but only "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In determining whether a law enforcement officer's conduct may be subject to suit, the first question to address is whether the facts alleged establish the violation of a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, then a court must determine if that right was clearly established at the time of the alleged violation. Id. But, "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Id. at 201.



The Fourth Amendment's right to be free from unreasonable seizures includes the right to be free from seizures carried out with excessive force. See Waterman v. Batton, 393 F.3d 471, 476 (4th Cir. 2004); see also Turmon v. Jordan, 405 F.3d 202, 207 (4th Cir. 2005). All claims of use of excessive force during an arrest or other seizure are governed by the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). The test for excessive force in an arrest context requires "balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennesee v. Garner, 471 U.S. 1, 8 (1985). The nature of the intrusion on a claimant's Fourth Amendment rights is generally measured by "the amount of force employed to affect the seizure." Howerton v. Fletcher, 213 F.3d 171, 173 (4th Cir. 2000). "The extent

of the plaintiff's injuries is also a relevant consideration." Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003).

The force used by Trooper Clipse in this incident was potentially deadly. While the only bodily injury sustained to the Plaintiff was a gunshot wound to the left hand, there was a potentially deadly risk involved in firing multiple shots into the windshield of the Plaintiff's car. An officer may not use deadly force unless the officer has probable cause to believe the suspect poses significant threat of death or serious bodily injury to the officer or others. Tennessee v. Garner, 471 U.S. 1, 11 (1985).

Even given such a serious intrusion, however, the governmental interests here sufficiently outweigh the force necessary to seize the Plaintiff. Several factors are to be considered in assessing the governmental interests at stake, including the "severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officer[ ] or others, and whether he . . . actively resist[ed] arrest or attempt[ed] to evade arrest by flight." Graham, 490 U.S. at 396.

With respect to the first Graham factor, the Plaintiff contends that the severity of the crime was minor, stating that "possession of a stolen vehicle and misdemeanor traffic violations are not probable cause to fire an excessive amount of rounds into a car while it is not moving." Plaintiff's Objections at 5. But the evidence is clear that the Plaintiff committed more than "misdemeanor traffic violations." He eluded police, led Clipse on a high-speed chase, and endangered the lives of other drivers on the road.

The second Graham factor provides no help to the Plaintiff, either. The



evidence demonstrates that the Plaintiff "pose[d] an immediate threat" to the safety of Trooper Clipse and others on the road. Graham, 490 U.S. at 396. In fact, his erratic driving ultimately caused a collision with another party. More importantly, the Plaintiff caused Trooper Clipse to fear for his own safety by driving towards him as he approached the Plaintiff's car on foot.

The third Graham factor also undermines any argument by the Plaintiff that his constitutional rights were violated. Here, it is clear that the Plaintiff "actively resist[ed] arrest or attempt[ed] to evade arrest by flight." Graham, 490 U.S. at 396. Not only was the entire incident the result of a police chase, but when the Plaintiff was ultimately seized and handcuffed with the help of other officers, he continued to resist arrest.



The facts provided by records and reports submitted by the Plaintiff with his objections establish that Trooper Clipse reasonably suspected that criminal activity was afoot and that seizing the Plaintiff would be lawful. After the Plaintiff refused to stop, a high-speed chase ensued, resulting in the Plaintiff's car colliding with another driver's car on the side of the road. When Clipse got out of his car at the accident scene to approach the Plaintiff's car, the Plaintiff drove toward him, causing Clipse to fear for his own safety and fire towards the vehicle. Clipse then radioed for help, and the Plaintiff once again drove off, resulting in another high-speed chase. In this case, "the totality of the circumstances" demonstrates that the Plaintiff's allegations fail to establish that Trooper Clipse's use of force violated his constitutional rights. Wilson v. Flynn, 429 F.3d 465, 469 (4th Cir. 2005) (citing Jones v. Buchanan, 325 F.3d 520, 531 (4th Cir. 2003)).

Based on the foregoing, it is

ORDERED that the Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation are overruled; that the Report and Recommendation is affirmed; that the Plaintiffs' Complaint is dismissed without prejudice; and that this action is ended.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

~~January~~ February 3, 2006
Charleston, S.C.