IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Lorenzo Robinson, #235104, | C. A. No. 2:05-3198-SB-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| SC Department of Public Safety, Highway Patrol; and Joseph Franklin Clipse, in his individual and official capacity, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) with appended state law claims brought by Tyrone Lorenzo Robinson, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the plaintiff's and the defendant's motions for summary judgment. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

This case has had a long procedural history, and at this point is a civil rights action against Highway Patrol Trooper Joseph Franklin Clipse sued solely in his individual capacity. Plaintiff alleged a violation of his Fourth Amendment right to be free from excessive force during his arrest by Clipse on November 14, 2002.

On March 28, 2007, the Fourth Circuit Court of Appeals found that Plaintiff's sworn complaint defeated the defendant's qualified immunity defense, affirmed the dismissal of Defendants South Carolina Department of Public Safety and the South Carolina Highway Patrol, and vacated and remanded the District Court's dismissal of Defendant Clipse on qualified immunity grounds.  In addition, the Appellate Court granted the plaintiff's motion to add Clipse as a defendant.

The plaintiff filed his Amended Complaint on May 7, 2007.  A proper form order was entered on May 8, 2007.  Clipse answered the second amended complaint on August 16, 2007, and asserted several defenses including a statute of limitations defense, want of personal jurisdiction for insufficiency of service of process defense, qualified immunity, and res judicata.

Plaintiff filed a motion for judgment as a matter law on August 23, 2007.  Thereafter, the parties engaged in a substantial motions practice before the defendant filed his summary judgment motion on November 5, 2007.  On November 7,

2007, Plaintiff was provided a copy of the defendant's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed responses in opposition to the defendant's motions on November 30, 2007, and a pleading denominated "NOTICE that Plaintiff reserve his right to amend service of process of summons and complaint in case extra service of process is needed...". The defendant filed a reply on December 18, 2007. Additionally Plaintiff filed a motion to compel discovery on January 11, 2008, to which the defendant objected on January 14, 2008, and indicated that he had never been served with any discovery requests by the plaintiff. Hence, it appears consideration of the summary judgments motions are appropriate.

### SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. <u>Id.</u>, 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record

that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim.  The party opposing summary judgment must then point to facts evidencing a genuine issue for trial.  Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

4

**DISCUSSION**

Defendant's summary judgment motion raises lack of personal jurisdiction based on insufficiency of service as a ground for dismissal of the action. A challenge to the court's jurisdiction should be considered first and the record here demonstrates that Clipse has been served and the court has personal jurisdiction over him.

Plaintiff completed the Summons form for Clipse and the USM form which indicated that the Marshal could serve Clipse at the South Carolina Highway Patrol in Columbia, South Carolina. Plaintiff filed a second amended complaint on May 24, 2007. On July 3, 2007, a serve order was issued and on July 6, 2007, the Marshal affied that Clipse was served when the summons and complaint were accepted by Leigh Watkins at the Office of General Counsel and indicated that "the Office of General Counsel accepts papers for troopers at SC Dept. of Public Safety." On August 15, 2007, the Marshal returned the summons to the Clerk as executed.

However, by brief, but without any supporting evidence, Clipse asserted this was not service on him because Clipse was no longer an employee of the S.C. Department of Public Service on July 6, 2007, the date the Marshal claims Clipse was served. Clipse is not entitled to summary judgment on insufficiency of service grounds. On this record, the only evidence, and therefore the undisputed evidence for summary judgment purposes,

is that Clipse was served on July 6, 2007, as indicated by the sworn affidavit of the Marshal. It appears that the court has personal jurisdiction over Clipse.

The defendant also contends that he is entitled to summary judgment on statute of limitations grounds. Again, the cause of action accrued on November 14, 2002, when Plaintiff was arrested. This action was filed on November 8, 2005, and Clipse was not named as a defendant at that time. Facially, the claim against Clipse appears to be time barred unless the addition of Clipse to the action in May 2007 related back to the November 8, 2005, filing of the case as provided for in Fed.R.Civ.P. 15(c) governing the relation back of amendments.

Fed.R.Civ.P. 15(c) provides:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when,
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
> (B) knew or should have known that, but for a mistake concerning the identity of the

>     proper party, the action would have been brought
>     against the party.

Here, there is no evidence of record tending to show that any of the Rule 15(c)(3) criteria are met. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486 [2497] 65 L.Ed.2d 532 (1980), '[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Weisgal v. Smith, 774 F.2d 1277 (4th Cir. 1985).

Even though failure to meet the requirements of Rule 15(c)(3) will be fatal to Plaintiff's claims, statutes of limitations reflect an important value judgment of the legislature concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Plaintiff here had a long period of time, three years, to sue Clipse, but he failed to do so. The present suit against Clipse simply comes to late and should be dismissed on that basis.

## **CONCLUSION**

Accordingly, it is recommended that the defendant be granted summary judgment and all other motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January ____, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).