IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC
2008 MAR 28 P 12: 16

| | |
|---|---|
| Tyrone Lorenzo Robinson, #235104, and Tonya Ledell Robinson, <br><br>Plaintiffs, <br><br>v. <br><br>S.C. Department of Public Safety, Highway Patrol; Joseph Franklin Clipse, Public Safety Trooper First Class, <br><br>Defendants. | Civil Action No. 2:05-3198 <br><br>**ORDER** |



This matter is before the Court upon the Plaintiff's *pro se* complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation ("R&R") of United States Magistrate Judge Robert S. Carr, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). The parties filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND

The Plaintiff originally filed his complaint on November 30, 2005,[1] naming the "South Carolina Department of Public Safety, Highway Patrol" as a Defendant. The Plaintiff included the following "statement of claim" in his complaint:

> On Nov. 14, 2002, I[,] Tyrone Lorenzo Robinson[,] and my sister Tonya Ledell Robinson was [sic] sitting on side of the road on Buck Island Road; in

---

[1] The Plaintiff's filing date pursuant to Houston v. Lack, 487 U.S. 286 (1988), is November 3, 2005.

> a black Ford Taurus[ ] that had just been involved in a car accident. No more than a minuet [sic] or less after the after the accident, a Highway patrolman came outta [sic] nowhere[ ] and pulled up to the driver's side of the Taurus where I was sitting at [sic]. The patrolman drove his car up against the driver's door, then exited his vehicle with his gun drawn. The patrolman did not have his blue lights or sirens on. After the partolman exited his vehicle, he fired a shot into the car for no reason at all. My sister Tonya Ledell Robinson[,] who was sitting in the front passenger seat of the Taurus[,] opened her door and ran into the woods fearing for her life. I reached over to close the door because she had left it open. When doing so the out of control officer fired another shot into the car appearantly [sic] trying to kill me. I sat up on the driver's seat of the Taurus and looked at my left hand. When doing so I noticed it had a huge hole in it, and blood was pouring from it at a fast rate. I also noticed that the bone was broken on my left thumb. Fearing for my life I began to back away from the patrolman as fast as I could. However, I was not backing up fast enough. The reasons I say this is [sic] because the patrolman fired several more shots through the front windshield on the driver's side of the Taurus, obviously trying to hit me in the chest area. One of the bullets succeeded in hitting me in my right arm on the bycep [sic]. However the impact from the windshield slowed it down. Therefore it did not penetrate my flesh. But it did brake [sic] the skin on my arm and made a nasty bruise. By God's grace I made it to the pavement part of Buck Island Road without being killed on the spot by the highway patrolman. When I reached the pavement part of Buck Island Road[,] I looked to my right and noticed that the patrolman was approaching the right side of the Taurus with his gun drawn. Fearing that I was going to be shot again for no reason, I drove towards Hwy. 278, where plenty [of] people were and I felt safe. When I drove off the officer fired several more shots into the car for no reason. This officer patrolman is Highway Patrolman Joe Clipse, who is employed with SC Dept. of Public Safety, highway patrol.

(Compl. at 3-4, 6.)

On December 1, 2005, the Magistrate Judge issued an R&R, recommending that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process for failure to name a party amenable to suit under 42 U.S.C. § 1983. The Plaintiff filed written objections to the R&R as well as a motion to amend his complaint to name "South Carolina Department of Public Safety Trooper First Class Joseph Franklin Clipse working in his capacity as a state trooper," as a Defendant. On February 3, 2006,

this Court entered an Order adopting the Magistrate Judge's R&R and denying the Plaintiff's motion to amend his complaint. In the Order, the Court concluded that the organizational Defendant could not be held liable for Clipse's actions. Additionally, the Court concluded that Officer Clipse was entitled to qualified immunity.

The Plaintiff appealed the Court's Orders dismissing, *sua sponte*, his complaint and denying his motion for reconsideration, asserting that he should have been allowed to sue Officer Clipse in his individual capacity and that the district court erred by dismissing his action.[2] On March 28, 2007, the Fourth Circuit Court of Appeals issued an opinion finding that this Court made an improper credibility finding in determining that Clipse was entitled to qualified immunity based on the record then before the Court. The Fourth Circuit noted that the Plaintiff had submitted affidavits from two witnesses as well as a copy of the transcript of Clipse's testimony from the state court trial, and that the Plaintiff's allegations in his complaint contradicted the version of events to which Clipse testified. Accordingly, the Fourth Circuit vacated the portions of this Court's Orders where the Court found that Clipse was entitled to qualified immunity and remanded for further proceedings. The Fourth Circuit affirmed the remainder of this Court's orders and granted the Plaintiff's motion to add Clipse as a party.

Following remand, the Court again referred the matter to Magistrate Judge Robert S. Carr for further proceedings. In May of 2007, the Plaintiff filed an amended complaint naming Clipse as a Defendant and suing him in both his individual and his official capacity. The Magistrate Judge authorized service upon the Defendant and ordered the United

---

[2] No Defendant(s) had yet been served with the summons and complaint when the Court first dismissed the Plaintiff's complaint *sua sponte*.

States Marshal to serve the pleading(s) upon the Defendant. On August 15, 2007, the process receipt and return was filed with the clerk as executed. According to the process receipt, Leigh Watkins with the Office of General Counsel accepted service. On August 16, 2007, the Defendant filed an answer to the Plaintiff's amended complaint, raising, *inter alia*, the statute of limitations and the insufficiency of service of process as affirmative defenses.

Subsequently, the Plaintiff filed a series of motions, including a motion to place the case on the trial docket, a motion for judgment as a matter of law, a motion for offensive collateral estoppel, and a motion to amend/correct the amended complaint to reflect that the Plaintiff was suing Clipse in his individual capacity only. Then, on November 5, 2007, the Defendant filed a motion for summary judgment, asserting: that the Defendant is immune from suit because he is not a "person" under 42 U.S.C. § 1983; that the Defendant is entitled to qualified immunity; that the Plaintiff's complaint is barred by *res judicata*; and that the Plaintiff failed to timely *and* properly serve the summons and complaint. The Plaintiff filed a response to the Defendant's motion for summary judgment. On January 22, 2008, the Magistrate Judge issued an R&R recommending that the Court grant the Defendant's motion for summary judgment and deem all other motions filed by the Plaintiff moot. The parties filed timely objections to the R&R, and the matter is now ripe for review.

## STANDARD OF REVIEW

### I.    Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the

4

evidence but rather must determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## II.    The Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which the objection is made and the basis for the objection. Id.



5

## DISCUSSION

In the R&R, the Magistrate Judge first determined that based on the record before the Court with respect to the Defendant's motion for summary judgment, Clipse was properly served on July 6, 2007. Therefore, the Magistrate Judge concluded that the Court has personal jurisdiction over Clipse.

Next, the Magistrate Judge addressed Clipse's claim that he is entitled to summary judgment on statute of limitations grounds. The Magistrate Judge noted that the cause of action accrued on November 14, 2002, and that the Plaintiff filed his original complaint on November 3, 2005, within the three-year statute of limitations. Nevertheless, because the Plaintiff did not name Clipse as a Defendant in his original complaint, the Magistrate Judge determined that the Plaintiff's claim against Clipse was time-barred *unless* the addition of Clipse to the action in May of 2007 related back to the filing of the complaint on November 3, 2005, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.[3] The Magistrate

---

[3] Rule 15(c) of the Federal Rules of Civil Procedure provides:

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in

6

Judge concluded that "there is no evidence of record tending to show that any of the Rule 15(c)(3) criteria are met," and therefore, the Magistrate Judge determined that the action against Clipse was barred by the statute of limitations.

In his objections to the R&R, the Plaintiff asserts that the Fourth Circuit Court of Appeals already granted the Plaintiff permission to amend his complaint to add Clipse as a Defendant. Therefore, the Plaintiff asserts that this Court is without jurisdiction to dismiss his complaint pursuant to Rule 15(c).

The Defendant, on the other hand, asserts that the Magistrate Judge properly concluded that the Plaintiff's actions was barred by the statute of limitations; however, the Defendant objects to the Magistrate Judge's determination that the Plaintiff properly served him. Specifically, the Defendant states that because the Plaintiff is suing the Defendant in his individual capacity only, and because the Plaintiff attempted to serve the Defendant by delivering a copy of the summons and complaint to the South Carolina Department of Public Safety on August 3, 2007, where the Defendant no longer worked at the time, the Plaintiff never effected proper service on the Defendant. In addition to this objection, the Defendant objects to the Magistrate Judge's failure to grant summary judgment based on the other grounds raised in his motion for summary judgment.

Robinson filed a reply to the Defendant's response and objections, wherein he

---

defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

7

asserts that the amendment of Clipse as a Defendant relates back to the original filing date of his complaint. The Plaintiff also asserts that the Defendant was properly served, and he argues in opposition to all of the remaining grounds raised by the Defendant. Lastly, the Plaintiff asserts that he is entitled to summary judgment.

**I.     Whether the Plaintiff properly served the Defendant?**

As an initial matter, the Court will address the Defendant's claim that the Plaintiff failed to properly serve him. As previously outlined, the Defendant contends that because he is being sued in his individual capacity only, the Plaintiff needed to perfect service in compliance with Rule 4(e) or Rule 4(d)(1) of the Federal Rules of Civil Procedure, which the Defendant contends that the Plaintiff failed to do. Instead, the Plaintiff attempted to serve the Defendant by delivering a copy of the summons and complaint to the South Carolina Department of Public Safety on August 3, 2007, where the Defendant asserts that he no longer worked.

Unfortunately for the Defendant, however, the Court agrees with the Magistrate Judge that the only evidence of record for purposes of summary judgment indicates that the Defendant was served, as indicated by the sworn affidavit of the United States Marshal. Moreover, noncompliance with Rule 4 does not mandate dismissal where the parties have received actual notice of a suit and where they have not been prejudiced by a technical defect in service. See Reinhold v. Tisdale, 2007 WL 2156661, *1 (D.S.C. April 30, 2007); see also Greene v. Holloway, 210 F.3d 361, 361 (4th Cir. 2000) ("[I]f an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshal's Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with

reasonable effort."). Thus, the Court agrees with the Magistrate Judge that the Defendant is not entitled to summary judgment on insufficiency of service grounds.

## II.   Whether the Plaintiff's claims are barred by the statute of limitations?

The next and more important issue the Court needs to address is whether the Plaintiff's claims are barred by the statute of limitations. Here, as previously set forth, the Magistrate Judge determined that the Plaintiff's claims against Clipse were time-barred because there was no evidence to show that the addition of Clipse as a Defendant in May of 2007 related back – pursuant to Rule 15(c) of the Federal Rules of Civil Procedure – to the date of the original filing of the complaint in November of 2005.

Here, the Plaintiff's amended complaint "change[d] the party or the naming of the party against whom a claim is asserted." See Fed. R. Civ. P. 15(c)(1)(C). Pursuant to Rule 15(c)(1)(C), an amendment that changes the party against whom a claim is asserted relates back to the date of the original pleading *if* (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it would not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party." As the Fourth Circuit has stated:



> These requirements of rule 15(c) reflect a subtle and complex compromise of two competing policies:  *On the one hand*, the Federal Rules favor simplicity in pleadings, as well as the administration of cases to secure their just determination. *On the other hand*, statutes of limitations are legislative determinations that give defendants predictable repose from claims after the passage of a specified time, and courts must, in recognition of the separation of powers, hesitate to extend or ignore them for judicially created reasons. In light of these policies, Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of

9

> statutes of limitations have been effectively served. And that is accomplished in Rule 15(c) by requiring that a new party have had adequate notice within the limitations period and by assuring that the new party not be prejudiced by the passage of time between the original pleading and the amended pleading.
>
> . . .
>
> Thus, when a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose. On the other hand, when a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save him.

Goodman v. Praxair, Inc., 494 F.3d 458, 467-68, 472-73 (4th Cir. 2007) (emphasis in original) (internal citations omitted).

Here, the Plaintiff's amended complaint clearly "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, the important inquiry is whether Clipse, the party brought in by the Plaintiff's amended complaint, (1) received notice of the action such that he will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(3)(i), (ii). As the Fourth Circuit stated in Goodman:

> The Rule's description of when such an amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have. These core requirements preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation.

Goodman, 494 F.3d at 470(emphasis in original) (internal citation omitted).

A review of the record indicates that Clipse did not receive notice of the action *within*

10

*the limitation period*, as required by Rule 15(c)(1)(C)(i). Thus, the Court cannot say that the amendment at issue caused no prejudice to the added Defendant. Also, it appears that Clipse had no reason to know that the action would have been brought against him but for the Plaintiff's mistake. See Rule 15(c)(1)(C)(ii). As previously set forth, the cause of action accrued on November 14, 2002, giving the Plaintiff until November 14, 2005, within which to timely file his suit. The Plaintiff filed his original complaint on November 3, 2005, naming the "South Carolina Department of Public Safety, Highway Patrol" as a Defendant. The Plaintiff did not name Clipse as a Defendant, and he did not file a motion to name him as a Defendant until December 16, 2005.[4] Because Clipse had no notice of the Plaintiff's suit until May of 2007, and because he had no reason to know that the action would have been brought against him but for the Plaintiff's mistake, the Court finds that the requirements for relation back under Rule 15(c)(3) have not been met, and Clipse is therefore entitled to rely upon the statute of limitations for repose. See Goodman, 494 F.3d at 472-73 ("[W]hen a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose."). Therefore, the Court agrees with the Magistrate Judge that the Defendant is entitled to summary judgment on this basis.

In his objections, the Plaintiff asserts that this Court is without jurisdiction to dismiss his complaint pursuant to Rule 15(c)(3) because the Fourth Circuit granted his motion to amend his complaint to name Clipse as a Defendant. While the Plaintiff is correct that the

---

[4] The Plaintiff cannot claim that he did not know he could sue Defendant Clipse when he filed his original complaint; a review of the numerous other cases filed by the Plaintiff indicates that he had sued Clipse in at least one previous suit based on these same facts. See Civil Action No. 9:03-cv-1366.

11

Fourth Circuit granted his motion to amend his complaint to name Clipse as a Defendant, the Fourth Circuit never considered the applicable statute of limitations and whether the amendment would relate back to the original filing. Instead, the Fourth Circuit concluded that this Court made an improper credibility determination in finding that Clipse was entitled to qualified immunity based on the record currently before the Court. When the Fourth Circuit issued its opinion, no Defendant had yet been served in this case. Indeed, it was not until after remand that Defendant Clipse was even served with the Plaintiiff's amended complaint, and it was not until then that Clipse had the opportunity to raise the defense of the statute of limitations.[5] Stated simply, the Fourth Circuit's granting of the Plaintiff's motion to amend to name Clipse as a Defendant did not amount to an implicit finding by the Fourth Circuit that the Plaintiff's claims against Clipse were not time-barred. The Plaintiff's objection is therefore overruled.[6]

---

[5] Moreover, had the circumstances of this case transpired differently, and had this Court initially granted the Plaintiff's motion to amend and ordered service upon Defendant Clipse in December of 2005, the Court still would have been faced with the same issue it faces now. Stated simply, even had the Court permitted the Plaintiff to add Clipse as a Defendant in December of 2005, that would not have changed the fact that the statute of limitations would have already run at the time of amendment. Thus, the Court still would have needed to consider whether the amendment related back to the original filing, pursuant to Rule 15(c)(3), and there is nothing in the record to indicate that the Court would have reached a different conclusion had it addressed this issue in December of 2005.

[6] In the Defendant's response and objections, he urges the Court to affirm the R&R but also to consider his other grounds for summary judgment that were not considered by the Magistrate Judge. Finding the Plaintiff's claims barred by the statute of limitations, the Court declines to address these additional grounds in great detail. As a practical matter, however, the Court notes that the Defendant is correct that the Plaintiff cannot maintain his suit against Clipse in his official capacity because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, because the Plaintiff admits that he is suing Clipse in his individual capacity only, this is largely irrelevant.

Finally, with respect to the Defendant's assertion that this suit is barred by the

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R is adopted, and the Defendant's motion for summary judgment (Doc. #72) is granted. Any remaining motions are hereby deemed moot.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March **28**, 2008
Charleston, South Carolina

---

[13] doctrine of *res judicata*, the Court notes that this suit is *not* the first suit filed by the Plaintiff based on these facts. Indeed, the Plaintiff has filed more than six lawsuits, at least two of which have been filed against Defendant Clipse. See Civil Action No. 9:03-cv-1366 and Civil Action No. 2:06-1288. The Court dismissed Civil Action No. 9:03-1366 without prejudice for failure to prosecute; however, the Court granted the Defendant's motion for summary judgment Civil Action No. 2:06-1288. See Pueschel v. U.S., 369 F.3d 345, 354 (4th Cir. 2004) ("[T]he doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated.") (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Based on these facts, it appears that the Plaintiff's claims, if they had been timely filed, nevertheless would be barred by the doctrine of *res judicata*.

13