IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Lorenzo Robinson, #235104, and Tonya Ledell Robinson, | C. A. No. 2:05-3198-SB-RSC |
| Plaintiffs, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| SC Department of Public Safety, Highway Patrol; and Joseph Franklin Clipse, Public Safety Trooper First Class, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by Tyrone Lorenzo Robinson, a former state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, and Tonya

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

Ledell Robinson[2], is before the undersigned United States Magistrate Judge for a report and recommendation on cross motions for summary judgment. 28 U.S.C. § 636(b).

On November 30, 2005, the Plaintiff, Tyrone Lorenzo Robinson, filed this action and named the S.C. Dept. of Public Safety, Highway Patrol, as the defendant and sought $100,000,000.00 in damages. The complaint indicated that on November 14, 2002, the Plaintiff and his sister were involved in an automobile accident in a black Ford Taurus which resulted in them sitting on the side of the road and that a highway patrol officer approached the vehicle and fired several shots into the car.

On February 3, 2006, the court entered an Order (Docket #8) dismissing the S.C. Dept. of Public Safety, Highway Patrol, and granting summary judgment as to Clipse on grounds of qualified immunity. From this point until the current day, this action has taken on a character of its own going twice to the Fourth Circuit Court of Appeals and being consolidated with an action on behalf of the plaintiff's sister and the addition of a claim against Clipse in his individual capacity. The circuitous nature of this case is reflected in the history provided by the Fourth Circuit Court of Appeals in its decision of April 28, 2010, (Docket

---

[2] Tonya Ledell Robinson was terminated from the case on May 8, 2007, as was Defendant S.C. Department of Public Safety, S.C. Highway Patrol.

#111). In this decision, the apellate court reversed this court's decision granting summary judgment on the grounds that the action against Clipse was barred by the statute of limitations. Specifically the court found, "[b]ecause Rule 15(c)'s requirements have been satisfied, Robinson's amendment naming Clipse as a defendant relates back to the date of the original complaint."

On July 19, 2010, the plaintiff filed a motion for summary judgment which appears actually to be an anticipatory response to a motion for summary judgment on behalf of Clipse. Indeed this motion concludes asking that summary judgment be denied and that trial proceed. (Docket # 122 . Clipse filed his response in opposition to the motion and a cross-motion for summary judgment on July 23, 2010. (Docket # 123). On July 29, 2010, Plaintiff was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On August 10, 2010, the plaintiff filed his response in opposition (Docket # 126) to the defendant's summary judgment motion. On August 17, 2010, the defendant filed a reply (Docket # 127), and on September 1, 2010, the plaintiff filed a pleading which he denominated, "Plaintiffs Re to Defendants Reply Brief to support His Response and memorandum in support of His motion for summary

judgment." (Docket # 130). Hence it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a case is "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [the appellant's] version of events ... differs substantially from [the appellee's,] ... courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the ... motion." Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007) (internal quotation marks and alterations omitted).

Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine

issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. <u>Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. <u>See</u>, <u>Anderson</u>, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. <u>Id.</u>, 477 U.S. at 252.

## FACTS AND LITIGATION HISTORY

In his motion for summary judgment, the defendant raises but one issue, *res judicata*. However the resolution of that one issue involves the detailed recitation of facts and litigation history.

### THE PARTIES' VERSIONS OF THE RELEVANT FACTS OF THE CASE

The Plaintiff included the following "statement of claim" in his verified complaint:

> On Nov. 14, 2002, I Tyrone Lorenzo Robinson and my sister Tonya Ledell Robinson was sitting on side of the road on Buck Island Road; in a black Ford Taurus that had just been involved in a car accident. No more than a minuet or less after the after the accident, a Highway patrolman came outta nowhere and pulled up to the driver's side of the Taurus where I was sitting at. The patrolman drove his car up against the driver's door, then exited his vehicle with his gun drawn. The patrolman did not have his blue lights or sirens on. After the patrolman exited his vehicle, he fired a shot into the car for no reason at all. My sister Tonya Ledell Robinson who was sitting in the front passenger seat of the Taurus opened her door and ran into the woods fearing for her life. I reached over to close the door because she had left it open. When doing so the out of control officer fired another shot into the car appearantly trying to kill me. I sat up on the driver's seat of the Taurus and looked at my left hand. When doing so I noticed it had a huge hole in it, and blood was pouring from it at a fast rate. I also noticed that the bone was broken on my left thumb. Fearing for my life I began to back away from the patrolman as fast as I could. However, I was not backing up fast enough. The reasons I say this is because the patrolman fired several more shots through the front windshield on the driver's side of the Taurus, obviously trying to hit me in the chest area. One of the bullets succeeded in hitting me in my right arm on the

6

> bycep. However the impact from the windshield
> slowed it down. Therefore it did not penetrate my
> flesh. But it did brake the skin on my arm and
> made a nasty bruise. By God's grace I made it to
> the pavement part of Buck Island Road without
> being killed on the spot by the highway patrolman.
> When I reached the pavement part of Buck Island
> Road I looked to my right and noticed that the
> patrolman was approaching the right side of the
> Taurus with his gun drawn. Fearing that I was
> going to be shot again for no reason, I drove
> towards Hwy. 278, where plenty people were and I
> felt safe. When I drove off the officer fired
> several more shots into the car for no reason.
> This officer patrolman is Highway Patrolman Joe
> Clipse, who is employed with SC Dept. of Public
> Safety, highway patrol.

(Complaint, pp. 3-6, Docket # 1). (sic).

On January 13, 2003, a Beaufort County Grand Jury indicted the Plaintiff on three charges: (1) resisting arrest-assault on an officer, S.C. Code Ann. § 16-9320(B), Indictment Number 03GS07-0080; (2) failure to stop for a blue light, S.C. Code Ann. § 56-5-57, Indictment Number 03GS07-0079; and (3) possession of a stolen vehicle, Indictment Number 03GS07-0063. On May 12, 2003, a Beaufort County Court of General Sessions jury found the Plaintiff guilty of failure to stop for a blue light and possession of a stolen vehicle, but the jury acquitted the Plaintiff on the resisting arrest charge. Plaintiff was recently released from incarceration after serving a cumulative ten year sentence for his convictions. State v. Robinson, 2003-GS-07-0063 and 2003-GS-07-0079 respectively.

The defendant's statement of facts are reflected in the testimony of various witnesses at the criminal trial of the plaintiff in the Beaufort County General Sessions Court.

> On November 14, 2002, at approximately 8:00 a.m., Trooper Joseph Clipse, a state employee of the South Carolina Department of Public Safety, a uniformed Highway Patrol officer, was on duty in a marked cruiser in Bluffton, South Carolina. Aware of a citizen's complaint that a dark-colored car ran her off the road, Trooper Clipse observed a vehicle that matched the description turning eastbound onto U.S. Route 278 in Bluffton, South Carolina.
> Trooper Clipse later learned that the driver was Tyrone Robinson. The vehicle was the property of Benny Bolden who had earlier reported it stolen and had not given Robinson permission to use the car. When Trooper Clipse pursued the vehicle, Robinson accelerated, traveled at a high rate of speed eastbound on U.S. Route 278, forcing several vehicles off the road, then turned onto Buck Island Road. Trooper Clipse caught up with the car and initiated his blue lights and siren, but Robinson again sped away fleeing farther down Buck Island Road and out of Trooper Clipse's sight. When Robinson attempted a U-turn, he collided with oncoming traffic and came to a stop. Trooper Clipse arrived at the scene, parked his cruiser at the side of the road and exited his vehicle. Before the trooper could approach either car involved in the crash, Robinson backed the stolen car away from the impacted vehicle, accelerated and drove at a high rate of speed directly at the trooper. Clipse tried to retreat to his car to get out of the way. Seeing that he could not escape the speeding car coming directly for him, he pulled his service revolver and discharged several rounds into the windshield of the approaching car. One of the bullets struck Robinson in the chest but did no damage and another struck him in the hand, and he veered off the road and stopped. While Trooper Clipse radioed for assistance, Robinson drove away from the scene, back toward U.S. Route 278, where he finally stopped, got out of his vehicle and

attempted to flee. It took three officers to
subdue him.

Defendant's motion for summary judgment at pp. 1-2, Docket #123) (Footnotes omitted).

## **LITIGATION HISTORY**

Plaintiff has attempted to litigate a plethora of matters against persons and organizations all matters having their genesis in the disputed facts of November 14, 2002, recited above.[3] The court may take judicial notice of these actions. Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989). The suits are:

> 1.) Robinson v. Clipse, C.A. No. 9:03-cv-1366, which complaint is the same as in the instant case, was dismissed without prejudice for lack of prosecution;
>
> 2.) Robinson, et al v. SC Dep't of Public Safety Highway Patrol, et al, C.A. No. 2:05-3198, the instant suit;
>
> 3.) Robinson v. S.C. Department of Public Safety Highway Patrol, and Clipse, 2:06-1288-SB, summary

---

[3] Additionally, Plaintiff brought Robinson vs. Unknown SCDC officials, et al., 3:03-cv-2338-JFA complaining about his prison Disciplinary Hearing which was dismissed without prejudice and without service of process and was deemed a "strike" under 28 U.S.C. § 1915(g). He also brought Robinson vs. The State of South Carolina, 2:07-1329-SB-RSC, which was a petition for a writ of mandamus which was dismissed for want of jurisdiction and frivolous under 28 U.S.C. § 1915(e)(2)(B)(I), as well as Robinson et al vs. Walmart et al, 4:08-cv-1636-MBS, which was dismissed without prejudice for want of jurisdiction as to Robinson, appealed to the 4th Circuit and subsequently dismissed by the plaintiff. Finally, Robinson brought an unsuccessful petition for a writ of habeas corpus, Robinson vs. Warden of Ridgeland Correctional Institution, 4:07-3270-SB.

9

judgment for the defendants and pursuant to 28 U.S.C. § 1915(g), the Court deemed the action to be the Plaintiff's third "strike"; aff'd by the 4th Cir. on June 15, 2009;

4.) Robinson v. Murdaugh, et al, C.A. No. 2:06-1289, which was dismissed without prejudice and deemed "strike one" under 28 U.S.C. § 1915(g);

5.) Robinson v. S.C. Dep't of Public Safety, et al, C.A. No. 2:06-1492, which was dismissed without prejudice and without service of process as duplicative of 2:06-1288-SB, and on Plaintiff's motion to dismiss the action;

6.) Robinson v. Beaufort County Sheriff's Office, et al, C.A. No. 2:06-cv-1602, which was dismissed without prejudice and without service of process and deemed "strike two" under 28 U.S.C. § 1915(g).

The only case which ended in a judgment on the merits is Robinson v. S.C. Department of Public Safety Highway Patrol, and Clipse, 2:06-1288-SB. In that case Plaintiff filed his Complaint on April 27, 2006, alleging a cause of action under 42 U.S.C. § 1983. Specifically, Plaintiff alleged that Defendant Clipse altered the wording on an arrest warrant on November 15, 2002. The Plaintiff alleges that Clipse illegally changed the face of the arrest warrant by changing the offense charged from Resisting Arrest S.C. Code Ann. § 16-9-320(A) to Resisting Arrest S.C. Code Ann. § 16-9-320(B) in violation of his constitutional rights and South Carolina statutes. Plaintiff was indicted on the upgraded charge, S.C. Code § 16-9-320(B), on January 13, 2003.

On January 3, 2007, the undersigned issued a report and recommendation on the cross motions for summary judgment. On March 15, 2007, the Court granted summary judgment to the defendant, denied all other outstanding motions, and declined to exercise its discretion to assume supplemental jurisdiction over the state law causes of action which were dismissed without prejudice. In that order, Judge Blatt noted that the plaintiff's claims in that action, "all arise out of the allegedly improper alteration of the arrest warrant." (06-1288-SB, pg. 7, Docket # 60).

On March 26, 2007, Plaintiff filed a Rule 59(e) motion to alter or amend the March 15, 2007, order, supra. That motion was denied by order of November 5, 2007, which noted, "In this motion, the Plaintiff makes numerous references to being shot by Defendant Clipse. The Court notes, however, that these claims are the subject of a separate pending lawsuit filed by the Plaintiff against Defendant Clipse. See Civil Action No. 2:05-cv-03198." (06-1288-SB, Fn. 1, Docket #75). Of course, CA 2:05-03198 is the instant case.

On June 15, 2009, the Fourth Circuit Court of Appeals affirmed Judge Blatt's March 15, 2007, order and his November 5, 2007, order, "for the reasons stated by the district court."

## The instant case C.A. 2:05-cv-03198-SB-RSC

On March 28, 2008, Judge Blatt granted the defendant's motion for summary judgment as untimely. The defendant had also moved for judgment as a matter of law because the action was barred by the doctrine of *res judicata*, and while summary judgment was based on the statute of limitations, the opinion dealt with the defendant's *res judicata* argument as follows:

> Finally, with respect to the Defendant's assertion that this suit is barred by the doctrine of *res judicata*, the Court notes that this suit is not the first suit filed by the Plaintiff based on these facts. Indeed, the Plaintiff has filed more than six lawsuits, at least two of which have been filed against Defendant Clipse. See Civil Action No. 9:03-cv-1366 and Civil Action No. 2:06-1288. The Court dismissed Civil Action No. 9:03-1366 without prejudice for failure to prosecute; however, the Court granted the Defendant's motion for summary judgment Civil Action No. 2:06-1288. See Pueschel v. U.S., 369 F.3d 345, 354 (4th Cir. 2004) ("[T]he doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated.") (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Based on these facts, it appears that the Plaintiff's claims, if they had been timely filed, nevertheless would be barred by the doctrine of *res judicata*.

Order of March 28, 2008, Fn. 6 (Docket # 102).

The plaintiff successfully appealed, and the Fourth Circuit reversed, "We therefore find that the district court erred in granting summary judgment to Clipse based on the running of the statute of limitations."

# THE DOCTRINE OF RES JUDICATA AS A BAR TO RECOVERY

*Res judicata* or claim preclusion bars a party from suing on a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d Ed. 2008).

The Fourth Circuit Court of Appeals has taught with regard to *res judicata* the following:

> The Supreme Court has summarized the related doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion:
>
> "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties...."
>
> Southern Pacific R.R. v. United States, 168 U.S. 1, 48-49, 18 S.Ct. 18, 27-28, 42 L.Ed. 355 (1897). There are three elements necessary to trigger claim preclusion by res judicata: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action. See Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); Harnett v. Billman, 800 F.2d 1308, 1312 (4th Cir. 1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 763 (1987).
> \*\*\*\*\*\*\*
> In Harnett v. Billman, this court broadly applied the doctrine of res judicata to preclude claims in a second action. It held that two causes

13

of action were sufficiently the same when the second claim "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Harnett, 800 F.2d at 1313 (citing Restatement (Second) of Judgment § 24(1) (1982)). In other words, "[r]es judicata precludes the litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" Id. at 1314 (quoting Restatement (Second) of Judgment § 24(1) (1982)); see also Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir.1984) (embracing Restatement rule).

There is no simple test to determine what constitutes the same cause of action for res judicata purposes. Each case presents different facts that must be assessed within the conceptual framework of the doctrine."
*******
. . . The law, however, is well established that res judicata may apply even though the plaintiff in the first suit proceeded under a different legal theory. A prior judgment on the merits binds the parties "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but [also] as to any other admissible matter which might have been offered for that purpose." Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 579, 94 S.Ct. 806, 812, 39 L.Ed.2d 9 (1974) (citation omitted), quoted in Adkins, 729 F.2d at 976 (1984); see also Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (res judicata bars previously available claims "regardless of whether they were asserted or determined in the prior proceeding"), quoted in Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355 (4th Cir.1989), cert. denied, 497 U.S. 1005, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990). This court in Harnett also held that actual knowledge of a potential claim at the time of the first suit is not required for res judicata to apply. Harnett, 800 F.2d at 1313; see also Peugeot Motors, 892 F.2d at 359 ("Courts presume that a litigant ... raised all grounds arising out of the same factual context to support his claims."). If the claim

14

> existed at the time of the first suit and "might have been offered" in the same cause of action, then it is barred by res judicata from being brought in a subsequent suit....

Aliff v. Joy Mfg. Co., 914 F.2d 39, 42-44 (4th Cir. 1990).

## DISCUSSION

Considering the above facts, it cannot be recommended that this action be dismissed on grounds of *res judicata*. While the plaintiff has brought six different law suits, only one has resulted in a judgment, and in that action the court specifically reserved the facts complained of herein for resolution in this action. Robinson v. S.C. Department of Public Safety Highway Patrol, and Clipse, 2:06-1288-SB Order of November 5, 2007, Fn. 1 (Docket # 75). Further dicta in this action indicates without explanation that the facts complained of herein are barred by res judicata. See Order of March 28, 2008, Fn. 6 (Docket # 102).

Clearly these previous decisions cannot be reconciled without further elaboration which the undersigned is unable to provide. Accordingly, despite the above analysis of *res judicata* and the defendants' briefs thereon, and while the undersigned recognizes the competing interests of judicial finality and the preference for deciding issues on the merits as well as the directions to liberally construe pro se pleadings, it cannot be determined on this record that the defendant has met his burden

of establishing that this action is barred by *res judicata* and, therefore, it is recommended that the motion be denied.

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 28, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).