IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tyrone Lorenzo Robinson and Tonya Ledell Robinson, <br>     Plaintiffs, <br><br> v. <br><br> SC Department of Public Safety; SC Highway Patrol; and Joseph Franklin Clipse, <br>     Defendants. | Case No. 8:05-cv-3198-SB-JDA <br><br> REPORT AND RECOMMENDATION |

This matter is before the Court on Plaintiff's motion for a fast and speedy jury trial and motion to appoint counsel [Doc. 118]. Plaintiff Tyrone Lorenzo Robinson, a former state prisoner proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983.[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**Motion for a Fast and Speedy Jury Trial**

Plaintiff cites the Sixth Amendment as the basis for his motion for a fast and speedy jury trial. [Doc. 118 at 2.] However, the Sixth Amendment provides that *criminal* defendants have the right to a speedy and public trial. Hence, the Sixth Amendment provides no basis for relief in this *civil* case filed pursuant to 42 U.S.C. § 1983.

Plaintiff also references a 180-day deadline for a jury trial [Doc. 118 at 2], presumably referring to the Federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* The

---

[1] Plaintiff Tonya Ledell Robinson and Defendants SC Department of Public Safety and SC Highway Patrol were terminated from the case on May 8, 2007.

Federal Speedy Trial Act, like the Sixth Amendment, applies to *criminal* prosecutions. Hence, the Federal Speedy Trial Act also provides no basis for relief in this *civil* case filed pursuant to 42 U.S.C. § 1983.

Accordingly, the Court recommends that Plaintiff's motion for a fast and speedy jury trial be denied.

**Motion to Appoint Counsel**

The law is clear that there is no right to appointed counsel in §1983 cases. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). However, the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. §1915(d); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). When exercising its discretion to appoint counsel in a civil action, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

This Court has recommended that the motions for summary judgment be denied.[2] [Doc. 134.] Should this recommendation be adopted, the case will be set for a jury trial. Plaintiff has no legal training and limited resources with which to prepare for a jury trial. Under the circumstances, appointment of counsel is justified. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (if it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks capacity to present it, the court should appoint counsel to assist him), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989).

---

[2]The Report and Recommendations filed on December 28, 2010, addresses the parties' cross motions for summary judgment. [Doc. 134 at 2.] Plaintiff's motion for summary judgment is actually a request that summary judgment be denied and that trial proceed. [Doc. 122.]

Accordingly, the Court recommends that, should the District Court adopt the recommendation and deny summary judgment, Plaintiff's motion to appoint counsel be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for a fast and speedy jury trial be DENIED and, if the District Court adopts the recommendation to deny summary judgment, Plaintiff's motion to appoint counsel be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 28, 2011
Greenville, South Carolina