IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

USDC, CLERK, CHARLESTON, SC
RECEIVED
2011 MAR 31 P 1:33

| | |
|---|---|
| Tyrone Lorenzo Robinson and Tonya Ledell Robinson, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SC Department of Public Safety; )<br>SC Highway Patrol; and Joseph )<br>Franklin Clipse, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 8:05-cv-3198-SB<br><br>**ORDER** |



This matter is before the Court upon the Plaintiff's pro se complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The long and complicated history of this case is summarized below.

## BACKGROUND

Plaintiff Tyrone Lorenzo Robinson ("Robinson") originally filed this action on November 30, 2005, on behalf of himself and his sister, Tonya Ledell Robinson. In his initial complaint, Robinson sued the South Carolina Department of Public Safety and the Highway Patrol, seeking damages based on allegations of excessive force, assault with intent to kill, assault and battery with intent to kill, police brutality, and use of deadly force. The Plaintiff included the following "statement of claim" in his initial complaint:

> On Nov. 14, 2002, I[,] Tyrone Lorenzo Robinson[,] and my sister Tonya Ledell Robinson was [sic] sitting on side of the road on Buck Island Road; in a black Ford Taurus[ ] that had just been involved in a car accident. No more than a minuet [sic] or less after the after the accident, a Highway patrolman came outta [sic] nowhere[ ] and pulled up to the driver's side of the Taurus where I was sitting at [sic]. The patrolman drove his car up against the driver's door, then exited his vehicle with his gun drawn. The patrolman did not have his blue lights or sirens on. After the partolman exited his vehicle,

he fired a shot into the car for no reason at all. My sister Tonya Ledell Robinson[,] who was sitting in the front passenger seat of the Taurus[,] opened her door and ran into the woods fearing for her life. I reached over to close the door because she had left it open. When doing so the out of control officer fired another shot into the car appearantly [sic] trying to kill me. I sat up on the driver's seat of the Taurus and looked at my left hand. When doing so I noticed it had a huge hole in it, and blood was pouring from it at a fast rate. I also noticed that the bone was broken on my left thumb. Fearing for my life I began to back away from the patrolman as fast as I could. However, I was not backing up fast enough. The reasons I say this is [sic] because the patrolman fired several more shots through the front windshield on the driver's side of the Taurus, obviously trying to hit me in the chest area. One of the bullets succeeded in hitting me in my right arm on the bycep [sic]. However the impact from the windshield slowed it down. Therefore it did not penetrate my flesh. But it did brake [sic] the skin on my arm and made a nasty bruise. By God's grace I made it to the pavement part of Buck Island Road without being killed on the spot by the highway patrolman. When I reached the pavement part of Buck Island Road[,] I looked to my right and noticed that the patrolman was approaching the right side of the Taurus with his gun drawn. Fearing that I was going to be shot again for no reason, I drove towards Hwy. 278, where plenty [of] people were and I felt safe. When I drove off the officer fired several more shots into the car for no reason. This officer patrolman is Highway Patrolman Joe Clipse, who is employed with SC Dept. of Public Safety, highway patrol.

(Entry 1 at 3-4, 6.)

On December 1, 2005, United State Magistrate Judge Robert S. Carr filed a report and recommendation ("R&R"), analyzing the Plaintiff's complaint and recommending that the Court dismiss it without prejudice and without issuance and service of process based on the Plaintiff's failure to name a party amenable to suit under section 1983. The Plaintiff filed objections and a motion to add as a co-Defendant "South Carolina Department of Public Safety Trooper First Class Joseph Franklin Clipse working in his capacity as a state trooper for the South Carolina Department of Public Safety and Highway Patrol." (Entry 6 at 1.)

On February 3, 2006, the Court filed an order adopting the R&R, finding that the

South Carolina Department of Public Safety and Highway Patrol was immune from suit. In addition, the Court determined that Officer Clipse was entitled to qualified immunity. The Plaintiff filed motions to reconsider, which the Court denied on May 4, 2006.

The Plaintiff then appealed the Court's orders, and on March 28, 2007, the Fourth Circuit Court of Appeals issued an opinion affirming the Court's dismissal of the South Carolina Department of Public Safety and Highway Patrol, but finding that the Court made an improper credibility determination in finding that Clipse was entitled to qualified immunity. Therefore, the Fourth Circuit reversed this portion of the Court's order, granted the Plaintiff's request to add Clipse as a party, and remanded the matter for further proceedings. See Robinson v. S.C.Dept. of Pub. Safety, 222 F. App'x 330 (4th Cir. 2007).



After remand, the Plaintiff filed an amended complaint on May 7, 2007, and then a second amended complaint on May 24, 2007. Clipse answered the second amended complaint and asserted several defenses, including the statute of limitations, lack or personal jurisdiction for insufficiency of service of process, qualified immunity, and res judicata. The Plaintiff continued to file various motions, and the Defendant filed a motion for summary judgment, to which the Plaintiff filed a response in opposition.

On January 22, 2008, the Magistrate Judge issued a second R&R finding that the Court had personal jurisdiction over Clipse but determining that the Plaintiff's claims against Clipse were time-barred because the addition of Clipse did not relate back to the initial filing of the case on November 8, 2005. Thus, the Magistrate Judge recommended that the Court grant the Defendant's motion dismiss the Plaintiff's complaint as untimely. The Plaintiff filed objections to the R&R, but on March 28, 2008, the Court filed an order overruling the Plaintiff's objections and affirming the Magistrate Judge's R&R.

3

The Plaintiff appealed this decision, and on April 28, 2010, the Fourth Circuit Court of Appeals reversed the Court's decision in a published opinion. Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010). In its opinion, the Fourth Circuit found that the Plaintiff's amendment naming Clipse as a Defendant did relate back to the date of the original complaint, and therefore, this Court erred in granting summary judgment based on the running of the statute of limitations. Id. at 610.

Following remand, this Court noted that Defendant Clipse had raised arguments in his motion for summary judgment that the Court had not addressed. Accordingly, the Court directed the parties to file renewed and/or supplemental motions addressing these arguments by August 2, 2010. The Court also remanded the matter to the United States Magistrate Judge for further proceedings.[1]

On July 19, 2010, the Plaintiff filed a motion for summary judgment, which is actually an anticipatory response to the Defendant's motion for summary judgment. (In this motion, the Plaintiff concludes by asking that summary judgment be denied and that trial proceed.) On July 23, 2010, the Defendant filed a motion for summary judgment, outlining the other lawsuits filed by the Plaintiff following his arrest, and asserting that the doctrine of res judicata bars the Plaintiff from recovering in this case. The parties filed responses and replies, and the Plaintiff also filed a motion to amend the complaint to reduce the relief sought, a motion for a hearing, and a 20-page supplemental memorandum.

On December 28, 2010, United States Magistrate Judge Robert S. Carr filed another R&R, setting forth a detailed recitation of the facts, including a comprehensive list

---

[1] Prior to this order, the Plaintiff also filed a motion for a fast and speedy trial (Entry 118).

of the other lawsuits filed by the Plaintiff. The Magistrate Judge analyzed the Defendant's argument and ultimately recommended that the Court deny the Defendant's motion, stating that "it cannot be determined on this record that the defendant has met his burden of establishing that this action is barred by res judicata." (Entry 134 at 15-16.)

The Defendant filed timely objections to the R&R, arguing that the Magistrate Judge erred and that the final judgment in Robinson v. S.C. Dept. of Public Safety Highway Patrol, and Clipse, Civil Action No. 2:06-1288-SB–which is the only suit filed by the Plaintiff that ended in a judgment on the merits–bars this action.

The Plaintiff filed a 56-page response, essentially asserting that he could not have raised the "shooting claim" that he raises in this suit in Civil Action No. 2:06-1288 (which raised a "malicious prosecution" claim) because Civil Action No. 2:06-1288 was filed after the expiration of the shooting claim's the statute of limitations. Additionally, the Plaintiff argues that the Court's decision in Civil Action No. 2:06-1288 is not a decision on the merits in a "prior suit."

Next, on February 28, 2011, United States Magistrate Judge Jacquelyn D. Austin filed an R&R recommending that the Court deny the Plaintiff's motion for a fast and speedy trial based on the fact that the Sixth Amendment and the Federal Speedy Trial Act apply in the context of criminal cases and not civil cases. Magistrate Judge Austin also recommended that the Court grant the Plaintiff's motion to appoint counsel if this case proceeds to trial. Neither party filed objections to this R&R; however, on March 10, 2011, the Plaintiff filed an "amended complaint," which is titled, "Clarification of the counts and

violations charged in this case only."[2] (Entry 152.)

## STANDARD OF REVIEW

### I. The Magistrate Judge's R&R

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

### II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr. Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational tried of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he

---

[2] In this filing, the Plaintiff lists his claims against Defendant Clipse as follows: "count 1 – excessive force; count 2 – use of deadly force; count 3 – police brutality; count 4 – excessive use of deadly force; count 5 – assault and battery with intent to kill; count 6 – reckless disregard; count 7 – assault with intent to kill; count 8 – 4th Amendment violation of the United States of America Constitution; count 9 – 14th Amendment violation of the United States of America Constitution." (Entry 152 at 4-5.) The Plaintiff did not receive permission to file this amended complaint, and as the Court has noted elsewhere in this order, the subject of this lawsuit is the Plaintiff's claim that the Defendant used excessive force against him in violation of the Fourth Amendment.

plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## DISCUSSION

"Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Envtl. v. Aracoma Coal Co., 556 F.3d 177, 210 (4 th Cir. 2009) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). Res judicata will preclude a party from raising a claim when there is: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Id. (quoting Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990)).

As previously mentioned, only one of the Plaintiff's other lawsuits arising from the events of November 2006 resulted in a judgment on the merits. See Civil Action No. 2:06-1288. In that case, which was filed on April 27, 2006, the Plaintiff alleged that Defendant Clipse violated his Fourth and Fifteenth Amendment rights by maliciously prosecuting him and by improperly altering his arrest warrant. The Court granted summary judgment in favor of the Defendants, finding that no Fourth Amendment violation occurred because the

Plaintiff was not seized without probable cause and because the alleged improper alteration of his arrest warrant did not amount to a constitutional violation. In denying the Plaintiff's motions to reconsider, the Court including the following footnote: "In this motion, the Plaintiff makes numerous references to being shot by Defendant Clipse. The Court notes, however, that these claims are the subject of a separate pending lawsuit filed by the Plaintiff against Defendant Clipse." (Civil Action No. 2:06-1288, Entry 75 at 1, n. 1 (citing the instant case).) Ultimately, the Fourth Circuit Court of Appeals affirmed the Court's order granting summary judgment in favor of the Defendants.

In contrast to the footnote in Civil Action No. 2:06-1288, in this Court's March 28, 2008 order in the instant case, the Court included the following dicta in a footnote:

> Finally, with respect to the Defendant's assertion that this suit is barred by the doctrine of res judicata, the Court notes that this suit is *not* the first suit filed by the Plaintiff based on these facts. Indeed the Plaintiff has filed more than six lawsuits, at least two of which have been filed against Defendant Clipse. See Civil Action No. 9:03-cv-1366 and Civil Action No. 2:06-1288. The Court dismissed Civil Action No. 9:03-1366 without prejudice for failure to prosecute; however, the Court granted the Defendant's motion for summary judgment in Civil Action No. 2:06-1288. See Pueschel v. U.S., 369 F.3d 345, 354 (4 th Cir. 2004) ("[T]he doctrine of res judicata not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated.") (citing Federated Dept. Stores v. Moitie, 452 U.S. 394, 398 (1981)). Based on these facts, it appears that the Plaintiff's claims, if they had been timely filed, nevertheless would be barred by the doctrine of res judicata.

(Entry 102 at 13, n.6.) The Fourth Circuit ultimately reversed the Court's grant of summary judgment on the basis of the statute of limitations but made no specific findings regarding res judicata.

Here, the Court agrees with the Magistrate Judge that these two footnotes are difficult to reconcile. However, the Court also notes that these two footnotes are merely

8

dicta and should be regarded as of little or no authority. Moreover, and most importantly, both footnotes fail to address the issue that is squarely before the Court today, that is, whether Civil Action No. 2:06-1288 was based on the "same cause of action" as the instant case.

"There is no simple test to determine what constitutes the same cause of action for res judicata purposes." Aliff v. Joy Mfg. Co., 914 F.2d 39. "In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit." Ohio Valley, 556 F.3d at 210. The Fourth Circuit has held that two causes of action were sufficiently the same when the second claim "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Harnett v. Billman, 800 F.2d 1308, 1312 (4th Cir. 1986), cert. denied, 480 U.S. 932 (1987) (citing Restatement (Second) of Judgment § 24(1) (1982)). Thus, "[r]es judicata precludes the litigation by the plaintiff in a subsequent action of claims 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" Id. at 1314 (quoting Restatement (Second) of Judgment § 24(1) (1982)); see also Aliff, 914 F.2d at 43 (quoting Harnett),and Adkins v. Allstate Ins. Co., 729 F.2d 974, 976 (4th Cir. 1984) (embracing the Restatement rule).

After thorough consideration of the facts and the law, the Court finds that–despite any previous assertions to the contrary–res judicata does not bar the instant suit because it does not involve the same cause of action as Civil Action No. 2:06-1288. In Civil Action No. 2:06-1288, the Court found that "the Plaintiff's claims all revolve around the allegedly improper alteration of one of his arrest warrants." (Civil Action No. 2:06-1288, Entry 60 at

9

10.) Whereas here, the Plaintiff's claims concern the Defendant's alleged use of excessive force in violation of the Fourth Amendment. Moreover, the Court notes that its finding is further supported by the fact that the Plaintiff's excessive force claim, which is the subject of this suit, was not "available" to him when he filed Civil Action No. 2:06-1288 because the statute of limitations had already run on the excessive force claim.[3] See Ohio Valley, 556 F.3d at 210-11 ("Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit <u>and were available to the plaintiff at the time of the first suit</u>.") (emphasis added). In addition, in Civil Action No. 2:06-1288, this Court expressly reserved consideration of the shooting-related facts for resolution in this action, lending additional support to the conclusion that the two cases do not involve the "same cause of action."

Based on the foregoing, the Court agrees with the Magistrate Judge's recommendation and denies the Defendant's motion for summary judgment.

In addition, although the Plaintiff did not specifically object to this point, the Court

---

[3] The Court's decision today is a complicated one, made even more complicated by the history of this case and the unusual time-line involved. Although the Plaintiff filed this suit prior to filing Civil Action No. 2:06-1288, Civil Action No. 2:06-1288 actually resulted in a final judgment first.

The Plaintiff objects that res judicata cannot here apply because Civil Action No. 2:06-1288 was not a "prior suit" or the "first suit." The Court notes, however, that a case resulting in a preclusive judgment need not have been filed first. See Moore's Federal Practice § 131.31[2] (3d ed. 2008) ("A case filed at the same time or even later than another case may still be the basis for preclusion."); Restatement (Second) of Judgments § 14 & cmt. a (1982) ("For purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect."). Thus, the terms "prior suit," "original suit," and "first suit" refer to the suit that is the basis for application of claim preclusion and do not necessarily mean that the suit was filed first sequentially. "[T]he case first reaching final judgment becom[es] the basis for precluding the other case." Moore's Federal Practice § 131.31[2] (3d ed. 2008).

nevertheless notes that it agrees with Magistrate Judge Austin's recommendation to deny the Plaintiff's motion for a fast and speedy trial (Entry 118). As Magistrate Judge Austin noted, the Sixth Amendment and the Federal Speedy Trial Act apply in the context of criminal cases and not civil cases.

Finally, because the Court is denying the pending motions for summary judgment, the Court agrees with the Magistrate Judge that the appointment of counsel to assist the Plaintiff at a trial of this matter is justified.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Judge Carr's R&R (Entry 134) is affirmed as indicated herein; the Defendant's objections (Entry 137) are sustained in part and overruled in part; the Plaintiff's motion for summary judgment (which is nothing more than an anticipatory response to the Defendant's motion for summary judgment) (Entry 122) is deemed moot; Defendant Clipse's motion for summary judgment (Entry 123) is denied; the Plaintiff's motion for a fast and speedy trial (Entry 118) is denied; Magistrate Judge Austin's R&R is adopted; any remaining motions not specifically identified herein are deemed moot; and this matter is referred to the Magistrate Judge for the appointment of counsel to assist the Plaintiff at trial.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 31, 2011
Charleston, South Carolina